UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 11793 NMG

TRUSTEES OF THE PLUMBERS AND GASFITTERS'
LOCAL UNION NO. 12 WELFARE, PENSION AND
ANNUITY FUNDS; AND PLUMBERS AND
GASFITTERS UNION LOCAL NO. 12

Plaintiffs

VS.

GERALD B. McHALE d/b/a KDL PLUMBING
AND GERALD B. McHALE

Defendants

Civil Action No.

RECEIPT # 66554
AMOUNT $250
SUMMONS ISSUED 4
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE August 29, 2005

## COMPLAINT

**(ERISA and Breach of Contract Action for Collection of Delinquent Funds Contributions and Late Fees)**

1.  This action is brought on behalf of the Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, and Annuity Funds; and Plumbers and Gasfitters Union Local No. 12 for damages arising from unpaid Trust Funds and Fringe Benefit Funds contributions and late fees pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq.; the Labor Management Relations Act of 1947, 29 U.S.C. § 185; and Massachusetts Contract law.

## JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction, pursuant to 28 U.S.C. §1331; for Defendant Gerald McHale d/b/a KDL Plumbing's breach of 29 U.S.C. § 1132(e)(1) and (2); 29 U.S.C. § 185(c); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for breach of a settlement payment contract and guaranty by Defendant Gerald McHale.

3.  Venue lies in this District Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Defendant, Gerald McHale d/b/a KDL Plumbing ("KDL") is a plumbing contractor that employs plumbers provided by Plaintiff Plumbers and Gasfitters Union Local No. 12. KDL is an "employer" within the meaning of 29 U.S.C. §1002(5) and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152 (2), (6) and (7). KDL's principal place of business is located at 70 East Foxboro Street, Sharon, Massachusetts 02067. The mailing address for KDL Plumbing is P.O. Box 46, Weymouth, Massachusetts 02191.

5.  Defendant KDL is a member of the Greater Boston Association of Plumbing, Heating, Cooling Contractors, Inc. (hereinafter "Association") and has assigned its bargaining rights to the Association for purposes of negotiating a Collective Bargaining Agreement with Plumbers and Gasfitters Union Local No. 12 and the United Association of Plumbers and Gasfitters (hereinafter the "Union"). KDL is, therefore, party to and bound by the Collective Bargaining Agreement (hereinafter "CBA") between the Association and the Union.

2

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

6. Defendant Gerald McHale d/b/a KDL Plumbing is a sole proprietor and is, therefore, personally liable for the delinquent Funds contributions, late fees, costs and attorney's fees claimed in this Complaint.

7. Defendant Gerald McHale ("McHale") executed a Settlement Agreement and Guaranty to pay the delinquent contributions and late fees owed to the Funds by KDL. In exchange, Plaintiffs Trustees withdrew Civil Action No. 04-11622 (GAO). Defendant McHale resides at 70 East Foxboro Street, Sharon, Massachusetts 02067, the same address from which he conducts business as KDL Plumbing.

8. Plaintiffs Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, and Annuity Funds (the "ERISA Funds") are third-party beneficiaries of the CBA between the Association and the Union.

9. Plaintiffs Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, and Annuity Funds (the "ERISA Funds") are "fiduciaries" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1002(37)(A).

10. Each of the ERISA Funds over which the Plaintiff Trustees govern pursuant to a Trust Agreement is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The ERISA Funds have their principal office at, and are administered from, 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

11. Plaintiff Plumbers and Gasfitters Union Local No. 12 (the "Union") is a "labor organization" within the meaning of 29 U.S.C. §152(5). The Union's office is located at 1240 Massachusetts Avenue Boston, Massachusetts 02125

12. Defendant KDL is bound, pursuant to the terms of the CBA, to make certain hourly contributions to Plaintiff ERISA Funds and other Union Fringe Benefit Funds referenced in the CBA for each hour each Plumber it employs works for KDL.

13. Defendant KDL is bound, pursuant to the terms of the CBA, to forward to the Funds Office each month certain hourly deductions from the wages of the Plumbers it employs for each hour worked, as referenced in the CBA.

## COUNT I: ERISA COLLECTION ACTION

14. Paragraphs 1-13 are incorporated by reference.

15. At all material times, Defendant KDL is obligated by the terms of the CBA between Defendant KDL and the Union, and by the terms of the Funds' Agreement and Declaration of Trust to which Defendant KDL is bound to submit monthly remittance reports to the Funds documenting each hour worked by its plumbing employees and calculating the contributions owed to the Funds on behalf of its plumbing employees.

16. At all material times, Defendant KDL is obligated by the terms of the CBA between Defendant and the Union and by the terms of the Funds' Agreement and Declaration of Trust to which it is bound to submit the reported Funds contributions to the Plaintiff ERISA and Union Fringe Benefit Funds by the fifteenth (15th) day of the

4

month following the month during which the work was performed by its plumbing employees.

17. Defendant KDL failed to make required contributions to the Plaintiff Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145. According to KDL's monthly remittance reports (and the breached Settlement Agreement referenced below), KDL owes contributions to the negotiated ERISA and Fringe Benefit Funds as follows:

| | |
|---|---|
| **November 2004:** | **$10,221.34 (balance)** |
| **December 2004:** | **$11,550.48** |
| **June 2005:** | **$14,530.25** |
| **TOTAL** | **$36,302.07** |

18. Each month in which a delinquency arose, demand correspondence was forwarded to Defendant KDL requesting payment of the delinquent contributions and explaining that failure to submit contributions will result in litigation in which Defendant KDL would be required to pay the delinquent contributions, plus interest, costs and attorney's fees consistent with the terms of the CBA and the Funds' Collection Policy to which KDL is bound.

19. This collections lawsuit claims all delinquent contributions owed by KDL as noted in Paragraph 17 above and all delinquent contributions that may become due during the pendency of this lawsuit.

20. Each month, demand correspondence was forwarded to Defendant KDL requesting payment for the contributions owed to the Funds and explaining that failure to forward payment will result in late fee charges consistent with the terms of the CBA

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

and the Collection Procedures of the Funds. As of August 1, 2005, Defendant owed the Funds *$2,452.98* in late fees on monthly delinquencies that had accrued during the period of August 2003 through November 2004. In addition, KDL owes late fees on delinquent contributions that accrued during the months of January 2005 though May 2005 in the amount of *$770.47*. In addition, KDL entered a Settlement Agreement to resolve the above-referenced November and December 2004 delinquencies and other former delinquencies. The sum of *$2,885.27* remains owing on the late fees in connection with those unpaid contributions referenced in the Settlement Agreement. Accordingly, a total late fee sum of *$6,108.72* is owed by Defendant KDL.

21.     Defendant KDL, in violation of Section 515 of ERISA, 29 U.S.C. § 1145, has failed to pay monthly Funds contributions and late fees and presently owes Plaintiff Funds and Union the total sum of *$42,410.79* in delinquent Funds contributions and late fees.

### COUNT II: ERISA – ACTION TO ENJOIN DEFENDANT FROM VIOLATING TERMS OF THE PLANS

22.     Paragraphs 1-21 are incorporated by reference.

23.     Pursuant to the CBA and the terms of the Plans, Defendant is obligated to purchase a fringe benefit bond or provide some other security acceptable to the Trustees to protect the assets of the Funds and the Funds' participants in the event that Defendant is unable to pay delinquent contributions owed to the Funds.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

24.  Defendant has allowed his fringe benefit bond to lapse and has failed to renew the bond.

25.  Plaintiffs, as fiduciaries, request an Order from the Court, pursuant to Section 502 (3) of ERISA, to enjoin Defendant KDL from ignoring his obligations under the CBA and the terms of the Plans as detailed in the Funds' Collection Policy to secure a fringe benefit payment bond immediately and provide a copy of the bond to the Plaintiff Trustees.

### COUNT III:  LABOR MANAGEMENT RELATIONS ACT

26.  Paragraphs 1-25 are incorporated by reference.

27.  Plumbers and Gasfitters Union Local No. 12 and Defendant KDL are parties to a CBA that is a contract within the meaning of 29 U.S.C. § 185(a).

28.  Defendant KDL is obligated by the terms of the CBA to submit monthly Funds contributions and wage deductions to the Funds each month for each hour worked by its plumbing employees, governed by the Plaintiff Trustees and Plaintiff Union.  In addition, Defendant KDL is obligated by the terms of the CBA to pay a late fee charge on the monthly contributions if not submitted in a timely fashion, as detailed in the CBA.

29.  As referenced above in Paragraphs 15- 21, Defendant KDL has failed to remit certain monthly contributions and deductions to the Funds governed by the Plaintiff Trustees and Union.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

30. By the above actions, Defendant KDL has violated the parties' 29 U.S.C. § 185(a) Collective Bargaining Agreement and owes to the Plaintiffs the sum of *$42,410.79* in delinquent Funds contributions and late fees.

31. Defendant KDL is liable, pursuant to the terms of the CBA, for interest on all delinquent Funds contributions that remain unpaid and/or that will accrue during the pendency of this lawsuit.

32. Pursuant to the terms of the Collective Bargaining Agreement, Defendant KDL is liable for the cost of this collection lawsuit, including court cost and attorney's fees.

### COUNT IV: BREACH OF CONTRACT

33. Paragraphs 1-32 are incorporated by reference herein.

34. In an effort to end litigation, Plaintiff Trustees entered into a Settlement Agreement on January 14, 2005 with Defendant KDL to resolve unpaid delinquent contributions and late fees owed at that time. Defendant Gerald McHale also executed the Settlement Agreement as a Guarantor of payment to the Funds in the event that KDL Plumbing was unable to make any of the scheduled payments.

35. Pursuant to the terms of the aforementioned Settlement Agreement and Guaranty, Plaintiffs withdrew Civil Action No. 04-11622 (GAO) and Defendant KDL and/or Defendant McHale as Guarantor were to pay *$40,717.47* in delinquent Funds contributions for the months of October, November and December 2004, late fees that accrued from August 2003 through November 2004, and interest that accrued on the

8

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Settlement Agreement over an eighteen (18) month period beginning February 1, 2005 and ending July 1, 2006.

36. Defendants paid monthly installments for February, March, April, May, June and July 2005 pursuant to the terms of the Settlement Agreement and Guaranty, but have failed to pay the scheduled August 2005 payment and subsequent monthly payments and have, therefore, breached the Settlement Agreement and Guaranty contract.

37. Pursuant to the terms of the Settlement Agreement and Guaranty, when any payment due is not received in a timely fashion, the Funds may, within ten (10) days of the breach, demand the remaining unpaid balance plus accrued interest and initiate collection litigation against the Company and the Guarantor in his personal capacity.

38. Pursuant to the terms of the Settlement Agreement, Defendant KDL and Defendant Guarantor McHale agreed that KDL would stay current in all subsequent monthly Funds contributions during the pendency of the Settlement Agreement and Guaranty. At the present time, Defendant KDL has failed to submit its monthly contributions for the month of June 2005 in the amount of *$14,530.25* and to submit its July 2005 report and payment. As a result, Defendants breached the Settlement Agreement and Guaranty.

39. Pursuant to the terms of the Settlement Agreement and Guaranty, Defendant KDL and Defendant McHale are liable for all delinquent contributions, late

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

fees and interest owed to the Funds and Union and for all court costs, and reasonable attorney's fees associated with the collection litigation.

WHEREFORE, Plaintiffs demand that judgment enter against Defendant Gerald McHale d/b/a KDL Plumbing and jointly against Gerald McHale in his personal capacity as Guarantor of the Settlement Agreement in accordance with Section 502 of ERISA, 29 U.S.C. § 1132(g)(2); 29 USC § 185, and the Settlement Agreement:

1. Awarding the Plaintiffs the following:

    (a) All unpaid delinquent monthly contributions as follows:

    |  | November 2004: | $10,221.34 (balance) |
    |---|---|---|
    |  | December 2004: | $11,550.48 |
    |  | June 2005: | $14,530.25 |
    | TOTAL: |  | $36,302.07 |

    (b) Delinquent late fees:  *$6,108.72*

    **[Total of (a) through (b):  $42,410.79]**

    (c) Any additional delinquent contributions and late fees that become due during the pendency of this lawsuit;

    (d) Interest on delinquent payments from the date of this lawsuit through the date of final payment;

    (e) All costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action; and

2. An Order enjoining the Defendant, KDL, from violating its obligations under the terms of its Collective Bargaining Agreement with the Plumbers and Gasfitters Union Local No. 12 and the Agreement and Declaration of Trust and

10

requiring Defendant to provide an appropriate fringe benefit bond to the Plaintiff Trustees immediately; and

    3.    Ordering such other and further relief as this Court may deem just and proper.

Dated: <u>August 29, 2005</u>                    Respectfully submitted,

                                                  Attorney for Plaintiffs

                                                 Robert M. Cheverie, Esq.
                                                 ROBERT M. CHEVERIE &
                                                   ASSOCIATES, P.C.
                                                 333 East River Drive, Suite 101
                                                 East Hartford, CT 06108
                                                 (860) 290-9610
                                                 BBO# 082320

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 29th day of August 2005, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P. O. Box 13163
Baltimore, MD 21203
Attn:     **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:     **Assistant Solicitor for Plan Benefits Security**

Robert M. Cheverie

*JTF.12 FUNDS.KDL PLUMBING.2002*
*Complaint.08-29-05*

12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, and Annuity Funds v. Gerald B. McHale d/b/a KDL Plumbing__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert M. Cheverie, Esq., ROBERT M. CHEVERIE & ASSOCIATES, P.C.__
ADDRESS __333 East River Drive, Suite 101, East Hartford, CT  06108__
TELEPHONE NO. __(860) 290-9610__

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 7/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
TRUSTEES OF THE PLUMBERS AND GASFITTERS' LOCAL UNION NO. 12 WELFARE, PENSION, AND ANNUITY FUNDS; AND PLUMBERS AND GASFITTERS UNION LOCAL NO. 12

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
GERALD B. McHALE d/b/a KDL PLUMBING AND GERALD B. McHALE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Norfolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert M. Cheverie, Esq.
ROBERT M. CHEVERIE & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108     (860) 290-9610

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Breach of Collective Bargaining Agreement and to collect contributions due to Plaintiffs' Funds under ERISA, 29 U.S.C. Sections 185 and 29 U.S.C., Section 1002 et. seq.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310\ Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 hia (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405)(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other (including 1983 Actions) | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $60,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY:** (See Instructions):    JUDGE_____    DOCKET NUMBER_____

DATE
August 29, 2005

SIGNATURE OF ATTORNEY OF RECORD
Robert M. Cheverie, Esq.