# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND GASFITTERS' LOCAL UNION NO. 12 WELFARE, PENSION, AND ANNUITY FUNDS; AND PLUMBERS AND GASFITTERS UNION LOCAL NO. 12<br><br>Plaintiffs<br><br>VS.<br><br>GERALD B. McHALE d/b/a KDL PLUMBING AND GERALD B. McHALE<br><br>Defendants | Civil Action No. 05-11793 (NMG)<br><br><br><br>March 29, 2006 |

## MEMORANDUM IN SUPPORT OF APPLICATION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiffs move for entry of judgment by default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). This subsection of Rule 55 applies if, as in the instant matter, "the defendant has been defaulted for failure to appear." *KPS & Associates, Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 18 (1st Cir. 2003).

On August 31, 2005, Plaintiffs filed this collection action against Defendants Gerald B. McHale d/b/a KDL Plumbing and Gerald B. McHale pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1047, 29 U.S.C. § 185 to recover contractually owed sums certain due to the Plaintiff employee fringe benefit plans. The Summons

and Complaint were duly served upon Defendants by Norfolk County Deputy Sheriff Frederick J. Laracy on September 9, 2005.

Defendants have not appeared, answered, or defended the properly served Complaint, the Court entered a Notice of Default dated March 21, 2006 against Defendants. Accordingly, an application for entry of default judgment pursuant to Rule 55(b)(1) is appropriate. *KPS & Associates, Inc.*, at 18.

Plaintiffs' Application for Entry of Judgment by Default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure is also appropriate because Plaintiffs' claim against Defendants is for a "sum certain." *Id*. In this regard, the First Circuit Court has noted that:

> When the plaintiffs claim against a defendant for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

*KPS & Associates, Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 18, fn. 6 (1st Cir. 2003) citing Fed.R.Civ.P. 55(b)(1).

In the Rule 55 context, a claim is not a sum certain case unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *Id.,* at 19; citing, e.g., *Reynolds Sec. Inc. v. Underwriters Bank & Trust Co.,* 44 N.Y.2d 568, 406 N.Y.S.2d 743, 378 N.E.2d 106, 109 (1978). As described below, there is "no doubt" as to the amount to which Plaintiffs are entitled as a result of the Defendants' default.

As with a "sum certain", a hearing in damages is not required if the claim is "liquidated" or "one capable of mathematical calculation." *KPS & Associates, Inc.,* at 20

2

citing, Am.Jur.2d Judgments § 313. Accordingly, in the instant matter, a hearing in damages is not required for entry of judgment by default. The delinquency is a sum certain because the delinquent amount of **$22,256.03** results from a balance owed pursuant to a breached Settlement Agreement executed by Defendants (Affidavit of Roger B. Gill, Funds Administrator ¶ 10). Likewise, the unpaid late fees in the amount of **$1,401.16** is a sum certain because it results from a contractual obligation pursuant to the Collective Bargaining Agreement and is the result of a "mathematical calculation" (i.e., Defendant's Monthly Funds delinquency multiplied by one percent per month) (Affidavit of Roger B. Gill, Funds Administrator ¶ 14). Similarly, Plaintiffs' claim for attorney's fees of **One Thousand Five Hundred Twenty Dollars ($1,520.00)** is a sum certain derived from the obligation within the Collective Bargaining Agreement and determined by mathematical calculation (Attorney's hourly rate multiplied by Attorney's time litigating this collection action). In addition, the claim for attorney's fees and costs is supported by statute. 29 U.S.C. Section 1132(g) and 28 U.S.C. Section 1961. (Attachment B, Affidavit of Attorney John T. Fussell, ¶¶ 3, 4, 5, 6, 7). Finally, Plaintiffs' claim for costs in the amount of **Three Hundred Thirty-Two Dollars and Sixty-Six Cents ($332.66)** is a sum certain arrived at by "mathematical calculation" (i.e. the sum of the court filing fee, plus the Sheriff's fee for service of the Summons and Complaint) (Attachment B, Affidavit of Attorney John T. Fussell, ¶¶ 3, 8). Accordingly, the specific amount of damages is a sum certain that equals the amount of the owed and unpaid balance pursuant to the Settlement Agreement in the amount of **Twenty-Two Thousand Two Hundred Fifty-Six Dollars and Three Cents ($22,256.03)**, plus

3

contractually owed and unpaid late fees in the amount of **One Thousand Four Hundred One Dollars and Sixteen Cents ($1,401.16)**, plus the contractually mandated and statutorily permitted attorney's fees of **One Thousand Five Hundred Twenty Dollars ($1,520.00)**, and costs of **Three Hundred Thirty-Two Dollars and Sixty-Six Cents ($332.66)**.

Defendants have not appeared, answered or defended and there is no doubt that Judgment should enter against Defendants in the sum certain amount of **Twenty-Five Thousand Five Hundred Nine Dollars and Eighty-Five Cents ($25,509.85)**, the total of the aforementioned delinquent Settlement Agreement balance, the late fees, and the attorneys fees and costs. For the foregoing reasons, Plaintiffs respectfully request that the Clerk of this Court enter judgment against Defendants Gerald B. McHale d/b/a KDL Plumbing and Gerald B. McHale in the sum certain amount of **Twenty-Five Thousand Five Hundred Nine Dollars and Eighty-Five Cents ($25,509.85)**.

Respectfully submitted,

Robert M. Cheverie, Esq.
ROBERT M. CHEVERIE &
 ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
(860) 290-9610
BBO# 082320

_____
Attorney for Plaintiffs

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF APPLICATION FOR ENTRY OF JUDGMENT BY DEFAULT** has been mailed, first-class and postage prepaid, this 29th day of March 2006 to the following:

Gerald B. McHale
d/b/a KDL PLUMBING
70 Foxboro Street
Sharon, MA 02067

Gerald B. McHale
70 Foxboro Street
Sharon, MA 02067

*[signature]*
Robert M. Cheverie

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719